UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:21-cv-10117-GAYLES

**RASHEEN R. HUGGUP**,

    Plaintiff,

v.

**MONROE COUNTY DETENTION CENTER**,

    Defendant.

_____/

**ORDER DISMISSING COMPLAINT WITHOUT PREJDUICE
PURSUANT TO 28 U.S.C. § 1915A**

**THIS CAUSE** is before the Court upon Plaintiff Rasheen R. Huggup's *pro se* Complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff, a pretrial detainee at the Monroe County Detention Center in Key West, Florida, alleges that jail officials committed various acts of misconduct. The Court has screened the Complaint in accordance with 28 U.S.C. § 1915A and finds that it should be dismissed without prejudice and with leave to amend.

**I.    LEGAL STANDARD**

Although Plaintiff has paid the required filing fee, § 1915A provides that a district court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* 28 U.S.C. §§ 1915A(a)–(b)(1). To state a claim upon which relief may be granted, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim for relief under § 1983, a

plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

In reviewing a complaint under § 1915A, the court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam). Furthermore, courts hold complaints filed by *pro se* prisoners to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nonetheless, courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II.     DISMISSAL AS A SHOTGUN PLEADING

The leniency afforded to *pro se* litigants does not permit them to file impermissible "shotgun" pleadings. A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2), Rule 10(b), or both. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity," Rule 10(b) also mandates that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count . . ." *Id*.

Plaintiff's Complaint must be dismissed as a "shotgun pleading" because it is a rambling, disjointed narrative "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Plaintiff alleges that various

"officers, sergeants, lieutenants [and] captains" "pepper spray[ed] [him] in the eyes while strapped to a restraint chair" and stole money out of his commissary account. [ECF No. 1 at 2]. In addition, Plaintiff appears to allege that correctional officers set him up to fight with other inmates. He alleges that "officers and inmates plan[n]ed to set me up in general population with inmate violence by statements to inmates to fight." *Id*. Further, Plaintiff alleges that nurses and medical staff are providing him with the "wrong medication." *Id*. These allegations are too vague, conclusory, and disjointed for the Court to discern the precise nature of the claims that Plaintiff seeks to bring.

Second, Plaintiff's Complaint is a shotgun pleading because it fails to "separate[] into a different count each cause of action or claim for relief" and asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1322. Plaintiff packs all his allegations into one continuous paragraph and does not name any of the individuals responsible for the alleged misconduct; he names only the Monroe County Detention Center as a Defendant. Plaintiff states that the "officers rotate so [he] cannot remember faces or badge numbers" but Plaintiff must endeavor to name the specific individuals responsible for the alleged constitutional violations. *See*, *e.g.*, *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (affirming dismissal of § 1983 complaint because the plaintiff "failed to name individual defendants and failed to articulate specific claims against those defendants."). Plaintiff may obtain identifying information by, for instance, requesting copies of any reports of the incident or through the inmate grievance process.

To the extent Plaintiff seeks to bring claims against the Monroe County Detention Center itself, "a municipality may be held liable for the actions of a police officer only when municipal 'official policy' causes a constitutional violation." *Gold v. City of Miami*, 151 F.3d 1346, 1350

(11th Cir. 1998) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Plaintiff does not allege any official policy of the Monroe County Detention Center that caused the misconduct he alleges.

In addition to damages, Plaintiff seeks relief that the Court lacks authority to grant in a civil rights action under § 1983. He requests immediate release from incarceration and for his charges to be dropped. [ECF No. 1 at 2]. Release from incarceration is not an available remedy in a civil rights action; such relief is only available via a petition for writ of habeas corpus. *See*, *e.g.*, *Bradley v. Pryor,* 305 F.3d 1287, 1289 (11th Cir. 2002) ("[H]abeas corpus [rather than § 1983] is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release") (citing *Preiser v. Rodriguez,* 411 U.S. 475, 487–90 (1973)); *see also Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("release from custody is not an available remedy" for a claim challenging the conditions of confinement). Plaintiff also asks the Court to "press charges against workers who used [his] social media to incriminate [his] life" and to press charges against "each individual on video at [Monroe County Jail]." [ECF No. 1 at 2]. However, "an inmate has *no constitutional right* to have an individual criminally prosecuted." *Williams v. Patillo*, No. 7:10-CV-142 HL, 2011 WL 672334, at *2 (M.D. Ga. Jan. 21, 2011) (citing *Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir. 1990)) (emphasis in original).

### III.   LEAVE TO AMEND

Because Plaintiff is proceeding *pro se*, he must be given at least one chance to amend his Complaint before its dismissal with prejudice, particularly where, as here, an Amended Complaint might state a claim for relief if properly pled. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). To satisfy the requirement that the Complaint not be a shotgun pleading, Plaintiff must separate each cause of action against each Defendant into a different count.

Further, pursuant to Fed. R. Civ. P. 10(b), the Amended Complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). Plaintiff must clearly write the name of each Defendant who is a party to this action and specify which Defendant is responsible for each act or omission that forms the basis of his claims. *See Weiland*, 792 F.3d at 1323.

Plaintiff's Amended Complaint must also comply with Fed. R. Civ. P. 8(a) and the Local Rules of the Southern District of Florida. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Rule 8(a) provides that a pleading which states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). While Rule 8 allows a Plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to civil rights cases in an effort to identify meritless claims. *See GJR Invs v. Cty of Escambia, Fla.,* 132 F.3d 1359, 1367 (11th Cir. 1998) ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims."). Accordingly, a § 1983 plaintiff must allege with specificity the facts which make out his claim. *See Wilson v. Strong,* 156 F.3d 1131, 1134 (11th Cir. 1998) ("[T]he contours of an asserted constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'") (citation omitted). Factual detail in the pleadings is particularly necessary in cases involving qualified immunity, where the Court must

determine whether a defendant's actions violated a clearly established right. *GJR Invs*, 132 F.3d at 1367.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. On or before **March 1, 2022**, Plaintiff shall file an amended complaint, labeled **"Amended Complaint,"** that cures the deficiencies identified above. The Amended Complaint shall:

   a. Contain a short and plain statement of Plaintiff's claims against each named Defendant, a basis for federal jurisdiction, and a demand for judgment.

   b. Be either typed in 12-point font or larger and double-spaced or handwritten legibly.

   c. Be written on the § 1983 complaint form attached to this order.

3. The Amended Complaint must show **Case No. 21-CV-10117-GAYLES** so that it will be filed in this case.

4. Plaintiff is cautioned that failure to file an Amended Complaint by March 1, 2022 that complies with the instructions in this Order may result in the dismissal of this action under Fed. R. Civ. P. 41(b) for failure to prosecute or failure to comply with court orders.

5. This case is **CLOSED** for administrative purposes only.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of January, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   **Rasheen R. Huggup**, *pro se*
      21015469014576
      Monroe County Jail
      Inmate Mail/Parcels
      5501 College Road
      Key West, FL 33040